**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Bashas' Inc.;<br>Bashas' Leaseco Inc.; and<br>Sportsman's LLC,<br><br>    Debtors.<br><br>St. Joseph's Foundation and Barrow Neurological Foundation,<br><br>    Appellants,<br><br>vs.<br><br>Bashas' Inc.; Bashas' Leaseco Inc.; and Sportsman's, LLC,<br><br>    Appellees. | No. CV 12-01819-PHX-FJM<br><br>**ORDER** |

    We have before us St. Joseph's opening brief and Appendix (doc. 12), Bashas' responsive brief (doc. 14), St. Joseph's reply brief (doc. 16), Bashas' motion to dismiss interlocutory appeal (doc. 10), St. Joseph's response (doc. 13), and Bashas' reply (doc. 15).

I

    This case is back. On March 27, 2012, we affirmed the bankruptcy court's order disallowing St. Joseph's claim because Bashas' charitable pledge was not supported by consideration, St. Joseph's did not rely on it, and because this is not a case in which injustice can only be avoided by enforcement of the pledge. *In re Bashas' Inc.,* No. CV 11-2031 PHX

1 FJM at doc.15. Thus, there was no contract and no promissory estoppel. Nor was there any
2 occasion to decide whether Arizona would adopt subsection 2 of section 90 of the
3 *Restatement(Second) of Contracts* (1981) because the factual predicate for its potential
4 application does not exist in this case. There is simply no showing of injustice here. Indeed,
5 enforcement of the pledge would be an injustice. We went so far as to characterize as greedy
6 St. Joseph's effort to enforce a gift, made at a time a donor could make it, even after the
7 donor could no longer make it without damaging those who actually provided goods and
8 services.  Thus neither this court nor any court (including the Arizona Supreme Court)
9 would ever reach the issue of the adoption of subsection 2. Nevertheless, St. Joseph's sought
10 further review and its appeal is pending in the Ninth Circuit. Meanwhile, the parties reached
11 an accord, subject to bankruptcy court approval.

12 The bankruptcy court declined to approve a payment of $50,000.00 in no uncertain
13 terms. The court stated it was not in the debtors' or the creditors' best interests. Appendix to
14 Appellants' Opening Brief, Ex. 6, at 4 (doc. 12). It stated that the claim is "frivolous" and it
15 "would not pay a nickel on this one." Id. The court stated it could approve a nuisance value
16 settlement in the amount of defense costs, but that would be substantially less than $50,000.
17 Id. at 6. Finally the court stated that "[f]ifty thousand is blackmail, and just because the
18 Debtor wants to get it all behind it doesn't mean it should cave in to extortion." Id. This is St.
19 Joseph's appeal from the order declining to approve the accord.

20 We state at the outset that in filing this latest appeal, St. Joseph's or its lawyers are
21 exercising abysmal judgment. Who would ever want to make a charitable pledge to St.
22 Joseph's if one thought St. Joseph's would chase you to the end of the world even after a
23 change in circumstance makes fulfillment of the pledge unjust?

## II

25 Bashas' contends that the order disapproving the settlement is not an appealable order.
26 St. Joseph's contends it is final because there is nothing left for the bankruptcy court to do, and
27 in the alternative, it satisfies the collateral order doctrine.

28 An approved settlement would moot the original appeal to the Circuit. This is what

- 2 -

worries St. Joseph's and it should be worried. It can only prevail there by way of a rogue decision, which is exceedingly unlikely. Under 28 U.S.C. § 158(a)(3) we have jurisdiction to hear appeals from the bankruptcy court from even interlocutory orders where leave of court is obtained. The bankruptcy court invited the parties to appeal its decision. Appendix, Ex. 6 at 4 (doc. 12). We, too, agree that this matter should be put to rest, whether the order is final or not. Since both the bankruptcy court and the district court grant "leave of court," 28 U.S.C. §158(a)(3) is satisfied and we have jurisdiction. Accordingly, the Motion to Dismiss will be denied (doc. 10). We thus turn to the merits.

III

The parties agree that in approving a proposed settlement, the bankruptcy court must assess the probability of success in the litigation. They also agree that we review an order disapproving a settlement on an abuse of discretion standard.

The probability of St. Joseph's success in the litigation is near zero. Its brief here is a rehash of the position it took when we first rejected it. The bankruptcy court has rejected it twice, we have rejected it once before, and today we reject it again. There is no evidence of consideration flowing to Bashas'. Nor is there any evidence of justifiable reliance to support a claim of promissory estoppel. Thus there is no enforceable promise. There is no contract.

St Joseph's relies on subsection 2 of section 90 of the *Restatement,* but this case is not a vehicle within which subsection 2 would ever arise. Injustice to the promisee is a prerequisite to its application. There is simply no evidence of injustice to St. Joseph's. Bashas' suffers the injustice here for having to waste limited resources defending itself against an exercise in avarice.

The federal courts cannot give authoritative rulings on issues of state law. And certification to the only court which could is out of the question here because that court would not reach out and accept a certified question where the facts in the case do not give rise to the issue. There are thus no set of circumstances here to afford any court to reach out and address subsection 2. Moreover, wholly apart from state law, federal law requires a respectful and responsible consideration of the interests of creditors who extended real, not fanciful,

consideration to Bashas'.

From what we have said so far, it can hardly be said that the bankruptcy judge abused its discretion in declining to approve a settlement it characterized as "ridiculous." Appendix, Ex. 6 at 6 (doc. 12).

### III

It is ORDERED DENYING Bashas' Motion to Dismiss the appeal. (Doc. 10). It is further ORDERED AFFIRMING the order of the bankruptcy court declining to approve the proposed settlement. The clerk shall enter final judgment.

DATED this 24th day of October, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge